IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jane Blackwell, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>Dan Wideman and Michael )<br>Frederick, in their official and )<br>individual capacities, and )<br>Victor Lollis, Mickey Boland and )<br>Richard Whiting, in their )<br>individual capacities, )<br>)<br>　　　　Defendants. )<br>_____ ) | **COMPLAINT**　8:08-CV-1992-RBH<br>**Jury Trial Demanded** |

　　　　The plaintiff, by and through her undersigned counsel, would respectfully allege as follows:

　　　　1. This is a civil action seeking actual and punitive damages, as well as costs and fees claimed by the plaintiff against the defendants Dan Wideman, Sheriff of Greenwood County ("Wideman") and Michael Frederick, Chief Deputy Sheriff of Greenwood County ("Frederick") for committing acts under color of state law which deprived the plaintiff of rights secured to her by the Constitution and laws of the United States of America. The defendants are sued also as persons under 42 U.S.C. Section 1983 and 28 U.S.C. Section 134. The defendants Victor Lollis ("Lollis"), Mickey Boland ("Boland") and Richard Whiting ("Whiting") are sued individually in a pendent state claim for civil conspiracy under the common law of the State of South Carolina.

　　　　2. The plaintiff is a citizen and resident of Ware Shoals, Laurens County, South Carolina

　　　　3. The defendants Wideman and Frederick are, upon information and belief, all citizens and residents of Greenwood County, South Carolina and are sued in both their official and

individual capacities, as acting under color of state law.

4. The defendants Lollis, Boland and Whiting are, upon information and belief, citizens and residents of Greenwood County, South Carolina.

5. This court has jurisdiction over this action according to 42 U.S.C. Section 1983 and 28 U.S.C. Section 134. The court also has pendent jurisdiction over the state claim herein.

6. Venue lies within the Anderson/Greenwood Division pursuant to 28 U.S.C. Section 1391 because the unlawful actions and practices alleged herein were committed within such division.

7. On January 18, 2007, Jill Moore, a guidance clerk and cheerleading coach at Ware Shoals High School, was arrested and charged with criminal offenses involving alleged misconduct with student cheerleaders, including charges of alcohol possession and use.

8. The defendants Wideman and Frederick were investigators involved in the case which led to the warrant issued by the Greenwood County Magistrate's Court.

9. Four days later on January 22, 2007, the plaintiff was arrested by Frederick and other deputies on a charge of obstruction of justice on a warrant issued by the Greenwood County Magistrate's Court acting with the knowledge and approval of Wideman and other deputies and investigators of the Greenwood County Sheriff's Department. The warrant and accompanying affidavit were prepared by the defendant Frederick.

10. At the time of the plaintiff's public arrest, highly publicized by the Greenwood County Sheriff's Department and other law enforcement agencies working with Wideman and Frederick, there was no credible evidence that the plaintiff had in any way obstructed justice or interfered with any investigation related to these matters, nor any evidence produced by other

investigators that would justify the issuance of such a warrant.

11. Notwithstanding these facts, Chief Deputy Frederick affirmed that the plaintiff had prior knowledge of Moore's providing alcohol to students, concealed such actions, intimidated potential witnesses and misled law enforcement in the course of the investigation. All of the above was false and knowingly misrepresented by Frederick with the full knowledge and approval of Sheriff Wideman.

12. The actions of Wideman and Frederick and other deputies within the sheriff's department were malicious, designed for publicity and other ulterior motives and resulted in the plaintiff, a person of good reputation and community-wide respect, being publicly detained and arrested in the presence of numerous people, as well as representatives of the television media who had been notified by employees of the Greenwood County Sheriff's Department and summoned in advance for the purpose of maximum media exposure and maximum humiliation of the plaintiff.

13. The plaintiff was taken to jail and held for a considerable period of time before bond and release could be arranged.

14. The plaintiff suffered further and continuing indignities by statements and actions of Wideman and Frederick throughout the days and months that followed under the pretext of discussing an ongoing investigation and prosecution of her case when no evidence was ever developed to support any part of the same.

15. For over a year, the defendants Wideman and Frederick kept the case alive and although the plaintiff sought through her attorney to seek dismissal of the charges, she was unable to obtain a hearing until March 3, 2008 when a state circuit judge dismissed the criminal

charges for lack of prosecution in violation of Rule 3 of the South Carolina Rules of Criminal Procedure.

## FOR A FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANTS WIDEMAN AND FREDERICK
(Fourth Amendment, Eighth Amendment and 1983 Violations)

16. The plaintiff realleges paragraphs 1 through 15 aforesaid.

17. The plaintiff is informed and believes that the conduct of the defendants Wideman and Frederick as outlined herein represents a violation of her Fourth Amendment right to be free from unreasonable search and seizure of her person and her right to be free from cruel and unusual punishment under the Eighth Amendment to the Constitution, and her right to due process and equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution.

18. The aforesaid defendants also violated the plaintiff's rights under 28 U.S.C. Section 134 and 42 U.S.C. 1983.

19. As a direct and proximate result of the actions described herein by the defendants Wideman and Frederick, all acting under color of state law, the plaintiff has sustained extensive financial losses, including her unplanned retirement from her principal position at Ware Shoals High School, a loss of further earning capacity, a reduction of retirement benefits. Additionally, she has sustained permanent reputational loss, embarrassment, humiliation and mental suffering, loss of quality of life and emotional distress; all of which will continue into the future. The plaintiff is further entitled to an award of punitive damages from these defendants in their individual capacities, as well as an award of attorney's fees and costs.

## FOR A SECOND AND SEPARATE CAUSE OF ACTION

AGAINST LOLLIS, BOLAND AND WHITING, in their individual capacities
AS A PENDENT STATE CLAIM
(Civil Conspiracy)

20. The plaintiff realleges paragraphs 1 through 19 aforesaid.

21. The defendants Lollis, Boland and Whiting and others met, schemed, planned and conspired prior to and during the investigation referred to herein, constantly communicated with the defendant Wideman and others in the sheriff's department in furtherance of the arrest and prosecution of the plaintiff and for purposes of causing her harm and special damages.

22. Such actions included, but were not limited to the following:

   a) meeting with one another and others to swap rumors about the plaintiff and her prior knowledge of Moore's conduct;

   b) making false and misleading statements to law enforcement and the media knowingly suggestive of the plaintiff's involvement in improper and criminal activities;

   c) coordinating with media, the sheriff's department and with others in the community to orchestrate the events around the plaintiff's arrest and the humiliation caused to her over the course of her prosecution prior to the dismissal of the criminal proceedings; and

   d) Jointly participating in a coordinated, evil and personal agenda in bad faith to cause the plaintiff harm and special damages, including constant efforts to have her removed from her principalship at Ware Shoals High School.

23. The defendant Lollis, as athletic director of Ware Shoals High School, the defendant Boland, as Chief of Police for the Town of Ware Shoals and the defendant Whiting, as editor of the Greenwood Index Journal, used their respective positions to enable them to proximately cause special damages to the plaintiff, all the while acting individually and outside of the course

and scope of their employment.

24. The above malicious acts in concert by these named defendants constitute an unlawful civil conspiracy - a combination of persons for the purpose of harming the plaintiff and causing her special damages and is actionable under the laws of the State of South Carolina.

25. As a direct and proximate result of the unlawful civil conspiracy by the defendants Lollis, Boland and Whiting, aided and abetted by others, the plaintiff has sustained extensive financial losses, including her unplanned retirement from her principal position at Ware Shoals High School, a loss of further earning capacity, a loss of potential retirement benefits. Additionally, she has sustained permanent reputational loss, embarrassment, humiliation and mental suffering, loss of quality of life and emotional distress; all of which will continue into the future. The plaintiff is further entitled to an award of punitive damages from these defendants in their individual capacities, as well as an award of attorney's fees and costs.

WHEREFORE, the plaintiff prays for judgment against the defendants Wideman and Frederick for an appropriate award of actual damages and punitive damages from a jury in such amounts as are appropriate and reasonable. The plaintiff further prays for an award of attorney's fees and costs. Further, the plaintiff prays for an appropriate award of actual damages, as well as punitive damages from the defendants Lollis, Boland and Whiting and for the costs of this action.

CROMER & MABRY

BY:     s/J. Lewis Cromer
       J. Lewis Cromer (#362)
       1225 Pickens Street
       Post Office Box 11675
       Columbia, South Carolina 29211
       Phone  803-799-9530
       Fax     803-239-0210

       Bruce E. Davis (#429)
       1612 Home Farm Road
       Mt. Pleasant, South Carolina 29646-4623

       Christopher Lance Sheek (#6501)
       414 Monument Street, Suite B
       Greenwood, South Carolina 29646
       Phone  (864) 227-6134
       Fax     (864) 227-6836

Attorneys for Plaintiff

May 23, 2008