IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jane Blackwell, | ) | Civil Action No.: 8:08-cv-01992-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DECLINING TO** |
| | ) | **EXERCISE SUPPLEMENTAL** |
| Dan Wideman and Michael Frederick, | ) | **JURISDICTION OVER STATE** |
| in their official and individual capacities, | ) | **CIVIL CONSPIRACY CLAIM** |
| and Mickey Boland, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court with Defendant Mickey Boland's [Docket Entry 88]

Motion for Dismissal or Summary Judgment filed on April 3, 2009. For the reasons stated

below, the court declines to exercise supplemental jurisdiction over the state law civil conspiracy

claim.[1]

In her Complaint, Plaintiff asserts two separate causes of action. The first cause of action

is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants Wideman and Frederick, in

their individual and official capacities, violated Plaintiff's rights under the Fourth, Eighth, and

Fourteenth Amendments to the United States Constitution. In her second cause of action,

Plaintiff alleges a claim for state common law civil conspiracy solely against Defendant Boland.

Defendant Boland, named only in the state civil conspiracy cause of action, has moved to

dismiss and/or for summary judgment on that claim.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

As an initial matter, Defendant Boland argues that this court lacks supplemental jurisdiction over the pendent state law civil conspiracy claim, because the federal and state causes of action are not against the same defendants, the causes of action are not so related as to constitute a single constitutional action, and the same evidence will not prove both the federal and nonfederal claims. *See* Boland Memo. [Docket Entry 88, Attach. 1] at 7-8; *see also* Boland Answer [Docket Entry 8] at 1-3.

The United States Supreme Court has stated the following pertaining to supplemental jurisdiction:

> After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise:
>
>> "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>>
>> "(1) the claim raises a novel or complex issue of State law,
>>
>> "(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> "(3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> "(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).
>
> Depending on a host of factors, then–including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims–district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

*Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

The court is declining to exercise any supplemental jurisdiction that it may have pertaining to the state law civil conspiracy claim against Defendant Boland pursuant to 28 U.S.C. § 1367(c)(1) in that the court believes a novel issue of state law exists under the circumstances of this case.

In the case at bar, there are no federal claims against this Defendant, and the court finds that there are several novel issues of state law regarding the state law claim for civil conspiracy. First, there are novel issues regarding whether Plaintiff may maintain a state law civil conspiracy claim and whether Plaintiff is a public official, and if so, whether or not, that in and of itself, may preclude Plaintiff's claim for civil conspiracy. *See, e.g., Angus v. Burroughs & Chapin, Co.*, 628 S.E.2d 261 (S.C. 2006). Secondarily, there may be an issue of whether Plaintiff has met the requirement regarding special damages for civil conspiracy claims sufficient under state law. *See, e.g., Hackworth v. Greywood*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009). Accordingly, the court declines to exercise supplemental jurisdiction over the state law civil conspiracy claim.

### Conclusion

For the foregoing reasons, the state civil conspiracy claim brought against Defendant Boland is hereby **DISMISSED** *without prejudice* to either party.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

January 21, 2010
Florence, South Carolina